JAMES F. TAYLOR v. JESSIE A. TAYLOR.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1921.

*Divorce—Failure to Find Residence—Domicile Essential to Jurisdiction Involves Intention to Remain.*

1.  On the trial of a libel for divorce, the court's failure to find that the libelant had the residence within the county essential to jurisdiction of the case, was error only if the evidence was such as to entitle the libelant to such a finding as matter of law, the question being one of fact.
2.  To constitute domicile essential to give jurisdiction of a libel for divorce, not only residence by the libelant in the county was necessary, but also an intention to remain therein.

PETITION for divorce on the ground of desertion. Libelee being a nonresident, personal service was made upon her outside of the State. Heard by Court at the June Term, 1920, Caledonia County, *Butler, J.,* presiding. The petition was dismissed. The libelant excepted. The opinion states the case.

*Shields & Conant* for the libelant.

WATSON, C. J. [1, 2] This is a libel for divorce on the ground of wilful desertion, brought to the county court in Caledonia County. The libelee resides out of the State. The facts found are a part of the record. The court failed to find that the libelant had the residence in Caledonia County essential to juris-

diction of the case.  Was the failure so to find error? is a question presented in review.  It being a question of fact, we are to consider only whether the evidence was such as to entitle the libelant to such a finding as a matter of law.  It is unnecessary to state the evidence in detail.  Let it suffice that we have examined the record carefully and are convinced that the evidence including the circumstances, was not so conclusively in favor of the libelant as to make erroneous the failure of the court to find the necessary residence for jurisdiction.  To give jurisdiction domicile was essential, and to constitute that not only residence in that county was necessary, but an intention to remain was also necessary, neither of which without the other was sufficient.  *Blondin* v. *Brooks*, 83 Vt. 472, 76 Atl. 184.

*Judgment affirmed.*